IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DARRYL DURR, <br>     Plaintiff, <br> <br>                 v. <br> TED STRICKLAND, Governor, et al. <br> Defendants. | Case No.  2:10-cv-288 <br><br> Judge Frost |

### DEFENDANTS' MOTION TO DISMISS

      Defendants Ted Strickland, Governor of the State of Ohio; Ernie L. Moore, Director of the Ohio Department of Rehabilitation and Correction; Phil Kerns, Warden of Southern Ohio Correctional Facility; and un-named "execution team members;" by and through counsel, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for dismissal of the complaint of the above-named plaintiff for failure to state a claim upon which relief can be granted.  The bases for Defendants' motion and request are fully set forth in the attached memorandum of law.

                                                       Respectfully submitted,

                                                       RICHARD CORDRAY
                                                     Ohio Attorney General

                                                       /s/ *Charles L. Wille*
                                                     CHARLES L. WILLE (0056444)
                                                     Principal Assistant Attorney General
                                                     Criminal Justice Section, Capital Crimes Unit
                                                     150 East Gay Street, 16th Floor
                                                     Columbus, Ohio 43215
                                                     (614) 728-7055; (614) 728-8600 fax
                                                     Email: charles.wille@attorneygeneral.gov

                                                     COUNSEL FOR DEFENDANTS

**MEMORANDUM IN SUPPORT**

I.     **Statement of the Case and Facts**

Plaintiff Darryl Durr (hereinafter "Durr") is under a sentence of death adjudged by an Ohio court. Durr has sought to initiate a suit seeking a declaratory judgment that Ohio's procedures for executing condemned prisoners by lethal injection violate federal law. Durr is scheduled to be executed on April 20, 2010. Defendants respectfully move for immediate dismissal of Durr's putative suit, because Durr cannot establish any viable legal ground for the relief he seeks.

II.     **Standards of Review**

"Under Rule 12(b)(6) 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must accept all facts in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Id*. "It is plain that, although liberal, the standard does require that a plaintiff plead more than bare legal conclusions." *Lillard v. Shelby Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id*., citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988))

**III.    Durr's complaint fails to state any viable legal ground for declaratory judgment.**

   **A.    Durr's complaint fails to allege any facts which establish a "case or controversy" over which this Court has jurisdiction.**

Article III, § 2, of the Constitution limits federal jurisdiction to the resolution of "Cases" and "Controversies." The case-or-controversy requirement is satisfied only where a plaintiff has standing. *Sprint Communications Co., L.P. v. APCC Services, Inc.*, __ U.S. __, 128 S. Ct. 2531, 2535 (2008). "And in order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly . . . trace[able] connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit). *Id.*, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (internal quotation marks omitted). A plaintiff does not have standing "to challenge laws of general application where their own injury is not distinct from that suffered in general by other taxpayers or citizens." *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587, 598 (2007), quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989). "This is because '[t]he judicial power of the United States defined by Art. III is not an unconditioned authority to determine the constitutionality of legislative or executive acts.'" *Id.*, quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).

By the plain terms of his complaint, Durr "only seeks a declaration that Defendants' intended actions as applied to him will violate the Controlled Substances Act and the Federal Food, Drug & Cosmetic Act." Complaint at 17. Durr has not alleged *any* concrete and particularized injury in fact traceable to defendants' allegedly unlawful conduct, and which would likely be redressed by declaratory relief. Durr avers that defendants intend to extinguish

3

his life by administering drugs which he alleges fall within the scope of federal regulatory statutes. However, Durr's death is not an injury upon which he can seek redress, because Durr is subject to a lawfully imposed sentence of death. In short, Durr simply asks this Court to render an advisory opinion on the question of whether the federal statutes he cites are applicable to defendants' procedures for conducting court-ordered executions by lethal injection.

In his complaint, Durr refers to a decision issued by the United States District Court for the Northern District of Missouri in *Ringo v. Lombardi*, No. 09-4095-CV-C-NKL (W.D. Mo. Mar. 2. 2010). That decision certainly is not binding on this Court. Nor does it in any event support Durr's complaint. Unlike the plaintiffs in *Ringo*, Durr has not alleged that defendants' alleged violations of law will render his execution inhumane. Compare *Ringo v. Lombardi,* 2010 U.S. Dist. LEXIS 18142, slip op. at 14 ("A fair reading of the Complaint indicates that Plaintiffs seek to redress the risk of inhumane lethal injection …"). Nor could Durr make such an allegation in good faith. There are no factual bases whatsoever for alleging that defendants' alleged failure to comply with federal law, in using "controlled" or "regulated" drugs to bring about his death in the course of a lawful execution, will likely result in a "torturous" and inhumane death. On the contrary, it is beyond dispute that the drugs used by Ohio do not cause pain, and, indeed, have anesthetic or analgesic effects. Moreover, Ohio has abandoned the use of the second and third drugs used by Missouri and other states in the so-called "three-drug execution" protocol. It was the administration of these second and third drugs, absent adequate anesthetic, which allegedly posed a substantial risk that an inmate would suffer severe pain.

In sum, Durr's complaint fails to allege any facts which establish a "case or controversy" over which this Court has jurisdiction.

### B. Durr's complaint otherwise fails to state any claim upon which relief may be granted.

The Supreme Court of the United States has described as follows the limited procedural nature of the Declaratory Judgment Act:

> "The operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. When concerned as we are with the power of the inferior federal courts to entertain litigation within the restricted area to which the Constitution and Acts of Congress confine them, *"jurisdiction" means the kinds of issues which give right of entrance to federal courts.* Jurisdiction in this sense was not altered by the Declaratory Judgment Act.

*Skelly Ohio Co. v. Phillips Petroleum*, 339 U.S. 667, 671 (1950) (emphasis added). In other words, declaratory judgment is simply an additional remedy made available where a right or cause of action already exists.

It well-established that the Federal Food, Drug and Cosmetic Act (FDCA) does not provide a private litigant with an express cause of action for violation of its provisions, and that no such cause of action should be implied:

> The FDCA provides that "[a]ll such proceedings for the enforcement, or to restrain violations of [the FDCA] shall be by and in the name of the United States." 21 U.S.C. §337(a). Every federal court that has addressed the issue has held that the FDCA does not create a private right of action to enforce or restrain violations of its provisions and accompanying regulations. *See Gile v. Optical Radiation Corp.*, 22 F.3d 540, 544 (3d Cir. 1994); *Sandoz [Pharmaceuticals Corp. v. Richardson-Vicks, Inc.]*, 902 F.2d [222] at 231; [3rd Cir. 1990]. *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105 (2d Cir. 1997); *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1139 (4th Cir.1993). Only the federal government, by way of either the FDA or the Department of Justice, has exclusive jurisdiction to enforce violations of the FDCA. *See Summit Tech. Inc. v. High-Line Medical Instruments Co.*, 922 F.Supp. 299, 305 (C.D.Cal.1996).

*Eli Lilly & Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 476 (D.N.J. 1998); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 811-12 (1986) (where there is no express private right of action for violation of FDCA, "it would flout congressional intent to provide a

private federal remedy for the violation of the federal statute."). The same can be said for the Controlled Substances Act. *See Purdue v. McCallister*, 164 F. Supp.2d 783, 793 (S.D.W.Va. 2001) (agreeing that a careful review of the Act reveals no Congressional intent to create a private, civil right of action).

Because the statutes relied upon by Durr do not establish a private right of enforcement, Durr's suit for declaratory judgment relief on its face fails to state a claim upon which relief can be granted. *See Thompson v. Thompson*, 484 U.S. 174 (1988). In *Thompson*, the Supreme Court affirmed the dismissal of a suit seeking declaratory relief in the form of an order that a state custody decree violated federal law, because the federal statute in question did not confer a private right of action to enforce its provisions. "[W]e 'will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide.'" *Thompson v. Thompson*, *supra,* 484 U.S. at 187, quoting *California v. Sierra Club*, 451 U.S. 287, 297 (1981). Notably absent is any suggestion that the plaintiff could obtain declaratory relief even if the statute did not expressly or impliedly authorize such relief. *See also Earnest v. Lowentritt,* 690 F.2d 1198, 1203 (5th Cir. 1982) ("Section 2201 does not provide an independent cause of action for determination of the constitutionality of a statute, but rather is only an avenue for relief in a 'case of actual controversy within (the court's) jurisdiction.'"); *Nissan of Slidell, L.L.C. v. Nissan of North America, Inc.*, 2008 U.S. Dist. LEXIS 91940 (E. Dist. Louisiana 2008 ) ("Because plaintiff has no private cause of action under the LMVA, it has failed to state a claim for declaratory judgment as well.").

In an apparent attempt to overcome the facial invalidity of his suit, Durr refers to the decision of the District Court for the Northern District of Missouri referenced above. Again, defendants note that the decision is not binding on this Court. In any event, it does not appear

that the district court in that case considered the arguments made by defendants here.  Rather, the district court apparently focused on the questions of whether a declaration of law in plaintiffs favor would actually afford the plaintiffs relief, and whether the CSA and FDCA are actually intended to apply to executions by lethal injection carried out by the states.  Thus, the district court did not consider whether the plaintiffs could satisfy the "case or controversy" requirement, notwithstanding the failure of the statutes upon which they relied to confer upon them a private right of action.

But nevertheless any argument that the U.S. Constitution might require court-ordered executions to comply with the food and drug laws is far-fetched, to say the least.  In *Heckler v. Chaney*, 470 U.S. 821 (1985), a number of condemned inmates argued that the states were violating federal law in using drugs to execute them, and that the Food and Drug Administration (FDA) should prohibit the use of the drugs until the FDA certified that the drugs were "safe and effective" for execution.  The FDA unsurprisingly rejected the prisoners' arguments, reasoning that it was primarily concerned with serious dangers to the public, and that such dangers were not posed by the states' procedures for lawfully executing condemned prisoners.  Although its decision in *Heckler* is couched in terms of "agency discretion" and "administrative law," the Supreme Court ultimately agreed with the FDA's decision not to interfere with the states' conduct of executions. Those decisions are just as reasonable now as they were twenty-five years ago.

In sum, Durr's complaint otherwise fails to state any claim upon which relief may be granted.

**IV.    Conclusion**

For all the foregoing reasons, the defendants' motion to dismiss should be granted.

<div style="margin-left: 50%;">

Respectfully submitted,

RICHARD CORDRAY
Ohio Attorney General


/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
(614) 728-7055; (614) 728-8600 fax
Columbus, Ohio 43215
Email: charles.wille@ohioattorneygeneral.gov

COUNSEL FOR DEFENDANTS

</div>

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of DEFENDANTS' MOTION was filed electronically this 8th day of April, 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<div style="margin-left: 50%;">

/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General

</div>

8