IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARRYL DURR,

      **Plaintiff,**

   v.

TED STRICKLAND, et al.,

      **Defendants.**

Case No. 2:10-cv-288
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of a Defendants' motion to dismiss (Doc. # 6), Plaintiff's memorandum in opposition (Doc. # 15), and Defendants' reply memorandum (Doc. # 18).  For the reasons that follow, the Court finds the motion well taken.

### I.  Background

Plaintiff, Darryl Durr, is an Ohio inmate who is set to be executed pursuant to that State's lethal injection protocol.  His four-count Complaint asserts that Ohio's use of sodium thiopental as a means of execution, as well as the State's possible use of midazolam and hydromorphone as an alternative means of execution, violates the Federal Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, and various federal regulations associated with these Acts.  Plaintiff targets Ohio's alleged failure to have only a licensed medical practitioner obtain, prescribe, and use sodium thiopental and hydromorphone, while also targeting the use of the these drugs for purposes of execution, which Plaintiff avers falls outside the drugs' approved and intended use.  Accordingly, he seeks declaratory judgment that using the drugs for lethal injection when the drugs are "neither obtained, dispensed, administered, distributed nor injected by a doctor licensed to obtain,

dispense, administer, distribute, or inject" them, "nor prescribed by a doctor licensed to do so," violates the Federal Controlled Substances Act. (Doc. # 10 ¶¶ 149, 150.) He also seeks declaratory judgment that carrying out an execution using sodium thiopental or hydromorphone "without a prescription from a licensed medical practitioner and distributed without proper authorization under the law" violates that act. (*Id.* ¶ 151.) Additionally, Plaintiff seeks declaratory judgment that carrying out an execution with these drugs when they have not been "obtained and used only by a licensed medical practitioner" violates the Federal Food, Drug & Cosmetic Act, as does using the drugs when they have not been approved for use in lethal injections by the Food and Drug Administration.

Within three days after Plaintiff initiated this action, and before the Complaint had even been apparently served or even filed on the docket (due to a motion for leave to proceed *in forma pauperis* pending prior to transfer of this case to the undersigned), the various state actors named as defendants filed a motion to dismiss. (Doc. # 6.) The case was eventually transferred to the docket of the undersigned who *sua sponte* set an expedited briefing schedule in light of the impending April 20, 2010 execution. (Doc. # 16.) The parties have concluded briefing on the motion to dismiss, which is now ripe for prompt disposition.

## II.  Discussion

### A.  Standard Involved

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires an assessment of whether the party asserting a claim has set forth a claim upon which the Court may grant relief. This Court must construe the pleading in favor of the party asserting a claim, accept the factual allegations contained in that party's pleading as true, and determine whether the

factual allegations present a plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable.  *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)

### B.  Analysis

Defendants argue that dismissal is warranted because Plaintiff lacks standing and because no private right of action exists under the Federal Controlled Substances Act and the Federal Food, Drug & Cosmetic Act.  They posit first that there is no standing because their allegedly unlawful conduct presents no consequent injury that will likely be redressed by the requested relief of declaratory judgment.  Absent a predicate foundation for the exercise of jurisdiction,

Defendants reasons, this Court cannot issue a declaratory judgment unrelated to an actual case or controversy. Defendants also argue that declaratory judgment is unavailable here because the federal laws involved do not provide for private enforcement actions.

Plaintiff of course disagrees with Defendants. He argues that if this Court were to issue the declarations he seeks, then Defendants would not proceed with his execution under the current execution protocol because they would be aware that they would be subject to possible prosecution if not contempt proceedings. Presuming that Defendants would abide by the law as this Court would state the law to be, Plaintiff reasons, presents sufficient redressability because the declaratory relief requested would preclude injury to Plaintiff, thereby presenting a case or controversy creating jurisdiction.

Drawing upon the authorities set forth at length in the briefing–the majority of which need not be reproduced here, given the time constraints upon this Court and the need for a prompt decision affording time for appellate review–this Court must conclude that Defendants' position is correct. Plaintiff notes in his briefing that "courts have permitted private parties to bring declaratory actions under the FDCA to permit them to know whether *their* conduct will violate the statute." (Doc. # 15, at 9 (emphasis added).) Rather than supporting his cause, these cases weigh against Plaintiff's argument. In the majority of these cases, the parties sought declaratory judgment to determine either whether their own conduct would violate federal statutes or how federal statutes would inform their own conduct, as opposed to the circumstances here where Plaintiff seeks declaratory judgment as to whether *others'* conduct would violate the act (thereby affecting him *indirectly* if undeniably dramatically). The distinction is important because unlike in the cases upon which Plaintiff relies, Plaintiff as the party seeking a

4

declaration is not the actor whose course of conduct risks potentially violating federal law or is affected by federal law.

In contrast to the majority of cases upon which he relies, Plaintiff is not concerned with his own conduct but the conduct of others.  He is attempting to effectively enjoin his execution not by filing a motion for injunctive relief, but through a backdoor mechanism of obtaining declaratory relief that he states will have the effect of stopping state actors from fulfilling their execution-related duties–a course of action that Plaintiff could not pursue through a private right of action under the Acts involved.  Plaintiff nevertheless argues that he is not seeking to enforce federal law or restrain its violation in this case.  *See* Doc. # 15, at 8 ("[T]he present suit does not seek to 'enforce' the statutes or 'restrain' violations fo them.").  At the same time, Plaintiff is asserting that this Court should conclude that a requisite case or controversy exists because the declaratory relief sought will presumptively result in *de facto* adherence to these federal laws by stopping conduct that would apparently otherwise proceed.  *See* Doc. # 15, at 18 ("Durr has standing because the declaration he seeks is likely to induce statutory compliance by law-abiding public officials.")

In other words, Plaintiff is telling this Court that it can proceed to issue declaratory relief because the Court would not be enforcing federal law or restraining violation of that law *by issuing declaratory relief that would stop conduct violating that law*.  Plaintiff's semantic slight of hand proves unpersuasive.

The "injury" Plaintiff claims is that if Defendants were to execute him under the current protocol, they would be acting in violation of federal law.  But assuming *arguendo* that Plaintiff is correct as to the asserted violation of law, there are no factual allegations in the Complaint

5

indicating that this presents an injury to Plaintiff. Plaintiff's actual possible injury–that he would be executed in violation of federal law–is not an injury that declaratory judgment addresses. It is important to note that Plaintiff erroneously relies upon *Ringo v. Lombardi*, No. 09-4095-CV-C-NKL, 2010 WL 750055 (W.D. Mo. Mar. 2, 2010), which found that inmates asserting a similar declaratory judgment action had standing based on the following rationale:

> A fair reading of the Complaint indicates that Plaintiffs seek to redress the risk of inhumane lethal injection by clarifying that the precautions required by the CSA and FDCA apply. If the CSA and FDCA apply, they provide safeguards against improper use of lethal injection chemicals by assuring that medical practitioners are adequately involved in the use of those chemicals. If the statutes apply to lethal injection, ignoring those safeguards, as Plaintiffs allege Defendants intend to do, places Plaintiffs at risk. Thus, to the extent Plaintiffs seek a declaration that the statutes' safeguards apply to lethal injection, they seek a declaration of their own rights. Plaintiffs have standing to bring this declaratory action.

*Id.* at *5 (footnote omitted). Nowhere in Plaintiff's Complaint does he allege facts permitting the reasonable inference that a failure to adhere to the federal law upon which Plaintiff relies subjects him to a risk of an inhumane execution. To reach such a conclusion would necessitate speculation and drawing an inference from an inference. Moreover, Plaintiff implicitly disavows that he is alleging that violation of the safeguards contained in the federal laws cited would lead to an inhumane execution by pleading that he "is not . . . alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 in this action." (Doc. # 10 ¶ 80.) An allegation that a violation of the federal law involved here would lead to an inhumane execution of the sort contemplated in *Ringo* would constitute a § 1983 civil rights violation, regardless of whether such a claim is then asserted. Thus, the only injury that the declaratory relief sought here actually informs is whether Defendants would be acting in technical violation of federal law. Implicit in any declaration that such a violation would exist would be a possible suggestion (according to Plaintiff) that

6

Defendants might be subjecting themselves to potential prosecution for violating federal law. This is an injury to Defendants, not to Plaintiff.

Plaintiff's reasoning therefore punctures itself and leads to the conclusion that Plaintiff has failed to present plausible claims for declaratory judgment upon which this Court can grant relief.  Dismissal is warranted.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.  (Doc. # 6.)  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE